UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HENMAN ENGINEERING AND MACHINE, INC., THOMAS HENMAN, SR, THOMAS HENMAN, JR, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | No. 1:17-cv-00701-SEB-TAB |
| JUSTIN D NORMAN, | ) ) ) | |
| Defendants. | ) ) | |
| JUSTIN D NORMAN, | ) ) ) | |
| Counter Claimants, | ) ) ) | |
| v. | ) ) ) | |
| THOMAS HENMAN, JR, | ) ) | |
| THOMAS HENMAN, SR, HENMAN ENGINEERING AND MACHINE, INC., | ) ) ) ) | |
| Counter Defendants. | ) ) | |

**ORDER DENYING PLAINTIFFS' MOTION IN LIMINE [DKT. 113]**

The facts giving rise to this litigation involve a failed asset purchase agreement, which ultimately left all parties dissatisfied and generated competing breach of contract claims among them. Now before the court on the eve of the scheduled bench trial is Plaintiffs' Motion in Limine. For the reasons set forth herein, Plaintiffs' motion is **denied**.

1

## Discussion

A district court's discretion in ruling on evidentiary questions is broad, both at trial and before trial on motions in limine. *Jenkins v. Chrysler Motors Corp.* , 316 F.3d 663, 664 (7th Cir. 2002).

We review here only the facts relevant to Plaintiffs' pending motion in limine. On January 25, 2016, the parties to this litigation executed an Asset Purchase Agreement (the "Agreement") whereby the assets of Henman Engineering and Machine Inc. ("Henman Engineering") were to be transferred to four entities.  Under the Agreement, the purchase price included a base price of $11,000,000 on the assumption that the 2015 fiscal year earnings of Henman Engineering, before interest, taxes, depreciation, and amortization (the "EBITDA"), would amount to $2,750,000. The Agreement provided, however, that the base purchase price could be increased or decreased depending on the Final EBITDA. If the Final EBITDA differed from the anticipated amount, the purchase price was to be adjusted accordingly.

At the closing of the sale transaction, the four purchasing entities paid to Henman Engineering the sum of $11,000,000.  However, as Plaintiffs allege, the Final EBITDA amount was thereafter calculated and determined to be $3,854,328, which sum was well in excess of $2,750,000. Based on these calculations, the $11,000,000 purchase price, according to Plaintiffs, was to be increased to the EBITDA adjusted purchase price and any amount in excess of $2,750,000.00 was to be quadrupled and added to the purchase price. Plaintiffs maintain that this additional amount remains unpaid and is owed to them. In an effort to recover these funds, Plaintiffs initiated this lawsuit against the four

purchasing entities and Defendant Justin D. Norman, who allegedly provided a personal guaranty of payment. Plaintiffs and the entity defendants have entered into a settlement of the claims between them. Accordingly, Mr. Norman is at this juncture the sole remaining defendant.

On December 18, 2018, Mr. Norman and his former co-defendants filed a breach of contract counterclaim alleging that Plaintiffs had inflated the final EBITDA which drove up the final purchase price of the contract. As laid out in the counterclaim, this inflated figure allegedly resulted in an overpayment by the counterclaimants to Plaintiffs of approximately $2.8 million, which they seek to recover.

Plaintiffs' motion in limine seeks an order by the Court to preclude any evidence challenging their calculation of the Final EBITDA. According to Plaintiffs, the Agreement required Mr. Norman and the purchasing entities to submit in writing any objections they may have to the Final EBITDA within 30 days.  No objections were raised within the thirty days period following the submission by Plaintiffs of the final EBITDA figures.  Thus, Plaintiffs contend that Mr. Norman (and the entities) waived any right they may otherwise have had to challenge the Final EBITDA.  Accordingly, they should be precluded from presenting such arguments during the upcoming bench trial. Though no objection to Plaintiffs' motion in limine has been filed, Mr. Norman, who is proceeding *pro se*, and his former co-defendants have consistently asserted (including in Mr. Norman's response to Plaintiffs' recent motion for partial summary judgment) that the Agreement  required Plaintiffs to prepare and submit a "certificate" containing the final EBITDA calculation. Because such a certificate allegedly was not prepared and

submitted by Plaintiffs, the 30-day objection window was never triggered.   We note that

both parties to this litigation cite the following provision of the Agreement as the basis

for their claims:

> The Seller Accountant shall prepare the 2015 Financial Statements and the Final
> EBITDA in accordance with the same policies and procedures used to prepare the
> Reviewed Financial Statements and in accordance with the definitions and
> adjustments set forth in the Agreement (including the adjustments identified on
> Schedule 1.1(k) ). Promptly, but in no event later than the date that is the later of
> (i) April 30, 2016 and (ii) five (5) Business Days following Seller's receipt of the
> 2015 Financial Statements, *Seller shall deliver to Purchaser the 2015 Financial
> Statements, together with a certificate setting forth the final EBITDA and any
> adjustments, based on the final EBITDA, to the Base Purchase Price. If Purchaser
> does not object to the 2015 Financial Statements, Final EBITDA or the EBITDA
> Adjusted Purchase Price within thirty (30) days after receipt, or accepts such
> items in writing during such thirty (30) day period, the 2015 Financial Statements
> and the Final EBITDA prepared by the Seller Accountant and the EBITDA
> Adjusted Purchase Price set forth in such certificate shall become final and
> binding upon the parties* hereto on the thirty-first (31st) day following receipt
> thereof by Purchaser, and the Base Purchase Price will be adjusted as set forth in
> Seller's certificate, and payment will be made in accordance with Section 4.4(d).
>
> [Dkt. 1-1] (*emphasis added*).

Plaintiffs' motion in limine reflects their interpretation of the Agreement, namely,

that they furnished the final EBITDA to Mr. Norman and the entities in a manner that

was consistent with and conformed to the terms of the contract.  However, as the

Magistrate Judge previously ruled in his Order overruling Plaintiffs' objections to

Defendants' motion to file an amended breach of contract counter-claim: "It is undisputed

that the agreement did not define 'certificate,'" making it apparently an "ambiguous" term.

[Dkt. 77, at 7]. Accordingly, "whether Defendants are prohibited from challenging the

final EBITDA is an unresolved question of law requiring interpretation of the

Agreement." [*Id.* at 9]. Plaintiffs' motion in limine repeats arguments previously rejected

by the Magistrate Judge.   We are unable to resolve prior to trial whether  Mr. Norman waived his contractual right to challenge the final EBITDA or whether, as a matter of contract interpretation, he was relieved of that obligation because the specified "certificate" was never issued and the time to object was never triggered.  Similarly, we cannot say at this juncture whether Plaintiffs sufficiently fulfilled their contractual obligation to give notice such that the 30-day window went into effect and, when Defendants failed to avail themselves of that opportunity to object, their rights to do so expired.  Infusing these claims are material issues of fact and law that can only be resolved at trial.[1]

For these reasons, Plaintiffs' motion in limine is **denied.**

IT IS SO ORDERED.

Date:   8/13/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] During the final pre-trial conference, Plaintiffs were granted leave to file a partial motion for summary judgment, which they did. However, as noted in our August 11, 2020 Order, Mr. Norman's response in opposition to Plaintiffs' motion raised issues that had not been fully addressed by the summary judgment motion declaring them to involve material facts in controversy that would foreclose summary relief.  Thus, we declined to consider the motion for summary judgment as such, choosing to treat it instead as a trial brief in support of Plaintiffs' claims.

Distribution:

JUSTIN D NORMAN
232 N. Lincoln Street
Hinsdale, IL 60521

David J. Doyle
FREEBORN & PETERS LLP
ddoyle@freeborn.com

Matthew L. Kelsey
DEFUR VORAN LLP
mkelsey@defur.com

Scott E. Shockley
DEFUR VORAN LLP
sshockley@defur.com